The Honorable James L. Robart

FILED ___ ENTERED
LODGED ___ RECEIVED

MAY 22 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA A. BOCELLE,<br><br>Defendant. | NO. CR22-127JLR<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Vincent T. Lombardi of the Western District of Washington and defendant ERIKA A. BOCELLE and her attorney Zachary Walker Jarvis enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1.      **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: *Conspiracy to Distribute Controlled*

Plea Agreement - 1
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  *Substances*, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C)

2  and 846, the lesser-included offense charged in Count 1 of the Indictment

3       By entering this plea of guilty, Defendant hereby waives all objections to the form

4  of the charging document.  Defendant further understands that before entering any guilty

5  plea, Defendant will be placed under oath.  Any statement given by Defendant under oath

6  may be used by the United States in a prosecution for perjury or false statement.

7       2.    **Elements of the Offenses**.  The elements of the offense of *Conspiracy to*

8  *Distribute Controlled Substances*, as charged in Count 1 of the Indictment are as follows:

9            *First*, there was an agreement between two or more persons to distribute

10           controlled substances, specifically methamphetamine and fentanyl;

11           *Second,* Defendant joined in the agreement, knowing of at least one of its

12           objects, and intending to help accomplish it.

13      3.    **The Penalties**.  Defendant understands that the statutory penalties

14  applicable to the offense of *Conspiracy to Distribute Controlled* Substances, the lesser

15  included offense to the one charged in Count 1 of the Indictment are as follows:  A

16  maximum term of imprisonment of up to twenty (20) years; a fine of up to $1 million; a

17  period of supervision following release from prison of at least three (3) years; and a

18  mandatory special assessment of $100 dollars.

19      Defendant understands that supervised release is a period of time following

20  imprisonment during which Defendant will be subject to certain restrictive conditions and

21  requirements.  Defendant further understands that, if supervised release is imposed and

22  Defendant violates one or more of the conditions or requirements, Defendant could be

23  returned to prison for all or part of the term of supervised release that was originally

24  imposed.  This could result in Defendant serving a total term of imprisonment greater

25  than the statutory maximum stated above.

26

27

Plea Agreement - 2
*United States v Bocelle*, CR22-127JLR

1    Defendant understands that as a part of any sentence, in addition to any term of

2   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3   restitution to any victim of the offense, as required by law.

4    Defendant further understands that the consequences of pleading guilty may

5   include the forfeiture of certain property, either as a part of the sentence imposed by the

6   Court, or as a result of civil judicial or administrative process.

7    Defendant agrees that any monetary penalty the Court imposes, including the

8   special assessment, fine, costs, or restitution, is due and payable immediately and further

9   agrees to submit a completed Financial Disclosure Statement as requested by the United

10  States Attorney's Office.

11    Defendant understands that, if pleading guilty to a felony drug offense, Defendant

12  will become ineligible for certain food stamp and Social Security benefits as directed by

13  Title 21, United States Code, Section 862a.

14    4.    **Immigration Consequences**.  Defendant recognizes that pleading guilty

15  may have consequences with respect to Defendant's immigration status if Defendant is

16  not a citizen of the United States.  Under federal law, a broad range of crimes are grounds

17  for removal, and some offenses make removal from the United States presumptively

18  mandatory.  Removal and other immigration consequences are the subject of a separate

19  proceeding, and Defendant understands that no one, including Defendant's attorney and

20  the Court, can predict with certainty the effect of a guilty plea on immigration status.

21  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

22  immigration consequences that Defendant's guilty plea(s) may entail, even if the

23  consequence is Defendant's mandatory removal from the United States.

24    5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

25  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

26    a.    The right to plead not guilty and to persist in a plea of not guilty;

27

Plea Agreement - 3
*United States v Bocelle*, CR22-127JLR

1    b.    The right to a speedy and public trial before a jury of Defendant's

2  peers;

3    c.    The right to the effective assistance of counsel at trial, including, if

4  Defendant could not afford an attorney, the right to have the Court appoint one for

5  Defendant;

6    d.    The right to be presumed innocent until guilt has been established

7  beyond a reasonable doubt at trial;

8    e.    The right to confront and cross-examine witnesses against Defendant

9  at trial;

10    f.    The right to compel or subpoena witnesses to appear on Defendant's

11  behalf at trial;

12    g.    The right to testify or to remain silent at trial, at which trial such

13  silence could not be used against Defendant; and

14    h.    The right to appeal a finding of guilt or any pretrial rulings.

15    6.    **United States Sentencing Guidelines**. Defendant understands and

16  acknowledges that the Court must consider the sentencing range calculated under the

17  United States Sentencing Guidelines and possible departures under the Sentencing

18  Guidelines together with the other factors set forth in Title 18, United States Code,

19  Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the

20  history and characteristics of Defendant; (3) the need for the sentence to reflect the

21  seriousness of the offense(s), to promote respect for the law, and to provide just

22  punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

23  to criminal conduct; (5) the need for the sentence to protect the public from further

24  crimes of Defendant; (6) the need to provide Defendant with educational and vocational

25  training, medical care, or other correctional treatment in the most effective manner; (7)

26  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

27  need to avoid unwarranted sentence disparity among defendants involved in similar

Plea Agreement - 4
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  conduct who have similar records.  Accordingly, Defendant understands and

2  acknowledges that:

3        a.     The Court will determine Defendant's Sentencing Guidelines range

4  at the time of sentencing;

5        b.     After consideration of the Sentencing Guidelines and the factors in

6  18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

7  maximum term authorized by law;

8        c.     The Court is not bound by any recommendation regarding the

9  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

10  range offered by the parties or the United States Probation Department, or by any

11  stipulations or agreements between the parties in this Plea Agreement; and

12        d.     Defendant may not withdraw a guilty plea solely because of the

13  sentence imposed by the Court.

14        7.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

15  guaranteed what sentence the Court will impose.

16        8.    **Statement of Facts**.  The parties agree on the following facts.  Defendant

17  admits Defendant is guilty of the charged offense.

18        Defendant Erika A. Bocelle admits she entered into an agreement with co-

19  defendant John Michael Sherwood and others known and unknown to distribute

20  controlled substances in the Spring of 2021.  Without limiting the foregoing, Defendant

21  admits as follows:

22        Defendant admits that she met Sherwood sometime late 2020 or early 2021, when

23  both were living in the Massachusetts/Rhode Island area.  Defendant admits that she

24  began selling small amounts of drugs, primarily cocaine, to Sherwood that he in turn

25  supplied to others.  Defendant further admits that Sherwood began supplying her with

26  ounce quantities of methamphetamine shortly thereafter.

27

Plea Agreement - 5
*United States v Bocelle*, CR22-127JLR

1    Sometime in the Spring of 2021, Defendant admits that Sherwood recruited her to

2  travel to California with him to transport drugs.  Defendant originally declined, and then

3  finally agreed to fly out to Washington state and assist Defendant in moving drugs

4  instead.

5    Defendant admits that on or about April 4, 2021, she flew from the Boston area to

6  the SeaTac airport in the Western District of Washington.  Defendant ultimately met up

7  with Sherwood a day or so later near SeaTac.

8    Sherwood told her that he had already attempted to move large amounts of drugs

9  by water to Canada before she arrived.  Sherwood further told Defendant that the plan

10  was for Sherwood to meet a Canadian co-conspirator half-way across the strait between

11  the U.S. and Canada to transfer the drugs, but that the boat or raft he was using flipped or

12  sank.  Sherwood told Defendant he ultimately dragged at least some of the duffle bags

13  containing the drugs out of the water and stashed them under a bridge.

14    Upon Sherwood's and Defendant's arrival back in the Port Angeles, Washington

15  area, Defendant admits she obtained a room at the Riviera Inn room in Port Angeles,

16  where Sherwood was already staying, that Sherwood paid for.

17    Sherwood then drove Defendant, in a rented U-Haul vehicle, to a beach near Port

18  Angeles to show her where he had attempted to smuggle the drugs across the Juan de

19  Fuca Strait.  He also took Defendant to a storage unit in the Port Angeles area and

20  showed her a number of damp duffle bags that smelled of methamphetamine.  Sherwood

21  opened a bag and showed her the contents, which Defendant recognized to be

22  methamphetamine.

23    Defendant admits that law enforcement recovered at least some of the bags

24  Sherwood tried to smuggle across the waterway.  Subsequent testing by the DEA Lab

25  showed that the bags contained 140.25 net kilograms of actual methamphetamine, and

26  995.8 net grams of powder fentanyl.

27

Plea Agreement - 6
*United States v Bocelle*, CR22-127JLR

1    During Defendant's time in Port Angeles with Sherwood, Defendant admits that
2  she overheard Sherwood speak on the phone with someone Sherwood addressed with the
3  name "Kevin." Sherwood appeared to be explaining the situation with the aborted
4  smuggling attempt to this person, and asked "Kevin" for more money. Defendant also
5  understood Sherwood to be taking pictures of the area that were intended to be sent to
6  "Kevin" to further explain what happened. At one point, Sherwood asked Defendant to
7  pick up money wired by "Kevin" to Sherwood because Sherwood lacked a valid
8  identification document.

9    Defendant decided to leave Sherwood and go back to Rhode Island, and offered to
10  return the rented U-Haul van, which was by then overdue to be returned. Defendant then
11  drove the U-Haul eastbound and returned the van, meeting up with another individual
12  who helped her drive the rest of the way back.

13    The parties agree that the Court may consider additional facts contained in the
14  Presentence Report (subject to standard objections by the parties) and/or that may be
15  presented by the United States or Defendant at the time of sentencing, and that the factual
16  statement contained herein is not intended to limit the facts that the parties may present to
17  the Court at the time of sentencing.

18    9.    **Sentencing Factors**. The parties agree that the following Sentencing
19  Guidelines provisions apply to this case:

20    a.    A base offense level of 38 because the offense involved more than
21  4.5 kilograms of actual methamphetamine, pursuant to USSG § 2D1.1(c)(1);

22    b.    Two-level decrease because Defendant played a minor role in the
23  offense conduct, pursuant to USSG § 3B1.2(b);

24    c.    A further 4-level decrease in the base offense level pursuant to
25  USSG § 2D1.1(a)(5) due to Defendant's minor role;

26    d.    A 3-level decrease if Defendant continues to fully accept
27  responsibility pursuant to Paragraph 10 of this Plea Agreement.

Plea Agreement - 7
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The parties agree they are free to present arguments regarding the applicability of

2 all other provisions of the United States Sentencing Guidelines.  Defendant understands,

3 however, that at the time of sentencing, the Court is free to reject these stipulated

4 adjustments, and is further free to apply additional downward or upward adjustments in

5 determining Defendant's Sentencing Guidelines range.

6    10.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes

7 Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant

8 to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

9 make the motion necessary to permit the Court to decrease the total offense level by three

10 (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the

11 United States by timely notifying the United States of Defendant's intention to plead

12 guilty, thereby permitting the United States to avoid preparing for trial and permitting the

13 Court to allocate its resources efficiently.

14    11.    **Forfeiture of Assets**.  Defendant understands the forfeiture of property is

15 part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

16 United States immediately Defendant's right, title, and interest in any and all property,

17 real or personal, that was used, or intended to be used, in any manner or part, to commit,

18 or to facilitate the commission of *Conspiracy to Distribute Controlled Substances*, the

19 lesser-included offense of that charged in Count 1 of the Indictment, and any property

20 constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as

21 the result of this offense. This property is subject to forfeiture pursuant to Title 21, United

22 States Code, Section 853(a).

23    Defendant agrees to fully assist the United States in the forfeiture of the above-

24 described property and to take whatever steps are necessary to pass clear title to the

25 United States, including but not limited to: surrendering title and executing any

26 documents necessary to effect forfeiture; assisting in bringing any property located

27 outside the United States within the jurisdiction of the United States; and taking whatever

Plea Agreement - 8
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees she will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate, *Conspiracy to Distribute Controlled Substances*, the lesser-included offense of that charged in Count 1 of the Indictment.

12.     **Abandonment of Contraband**.  Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

13.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, to move to dismiss the remaining count in the Indictment at the time of sentencing.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Plea Agreement - 9
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     Defendant agrees that any charges to be dismissed before or at the time of

2   sentencing were substantially justified in light of the evidence available to the United

3   States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

4   with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

5   (1997).

6     14.     **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

7   Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

8   Plea Agreement and Defendant may be prosecuted for all offenses for which the United

9   States has evidence; (b) Defendant will not oppose any steps taken by the United States

10  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

11  Agreement; and (c) Defendant waives any objection to the re-institution of any charges

12  that previously were dismissed or any additional charges that had not been prosecuted.

13     Defendant further understands that if, after the date of this Plea Agreement,

14  Defendant should engage in illegal conduct, or conduct that violates any conditions of

15  release or the conditions of confinement (examples of which include, but are not limited

16  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

17  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

18  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

19  to file additional charges against Defendant or to seek a sentence that takes such conduct

20  into consideration by requesting the Court to apply additional adjustments or

21  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

22  advisory Guidelines range, and/or by seeking an upward departure or variance from the

23  calculated advisory Guidelines range.  Under these circumstances, the United States is

24  free to seek such adjustments, enhancements, departures, and/or variances even if

25  otherwise precluded by the terms of the Plea Agreement.

26     15.     **Waiver of Appellate Rights and Rights to Collateral Attacks.**

27  Defendant acknowledges that, by entering the guilty plea(s) required by this Plea

Plea Agreement - 10
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16.      **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17.      **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea

Plea Agreement - 11
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

2  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

3  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

4  of the Plea Agreement by Defendant is discovered by the United States Attorney's

5  Office.

6      18.      **Completeness of Plea Agreement**.  The United States and Defendant

7  acknowledge that these terms constitute the entire Plea Agreement between the parties,

8  except as may be set forth on the record at the change of plea hearing in this matter.  This

9  Plea Agreement binds only the United States Attorney's Office for the Western District

10  of Washington.  It does not bind any other United States Attorney's Office or any other

11  office or agency of the United States, or any state or local prosecutor.

12      Dated this 22nd day of  May, 2023.

14  ERIKA A. BOCELLE
15  Defendant

17  ZACHARY WALKER JARVIS
18  Attorney for Defendant

19  VINCENT T. LOMBARDI
20  Assistant United States Attorney

Plea Agreement - 12
*United States v Bocelle*, CR22-127JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970